E-FILED
Thursday, 11 May, 2017 03:49:11 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMAL SHEHADEH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-3274 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

RICHARD MILLS, United States District Judge:

Petitioner Jamal Shehadeh has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Pending is the Motion of the United States to Dismiss for Lack of Venue and Personal Jurisdiction. Pending also are a number of Pro Se Motions filed by the Petitioner. Petitioner Jamal Shehadeh is serving a sentence of 54 months that was imposed in Case Number 3:14-CR-30046-RM-TSH. The Petitioner has filed this action to compel the Respondent, pursuant to 18 U.S.C. § 3585(b), to credit the Petitioner roughly 212 days of time he claims to have served prior to his sentencing. Specifically, the Petitioner claims he should receive federal credit for the time he spent in an Illinois Department of Corrections facility between March and October of 2014 for violating his parole in connection with a conviction for Manufacture/Delivery of Cocaine, Christian County Circuit

Court, Docket No.: 09-CF-66. The Petitioner states that when he filed the petition, he was housed at the Kankakee County Jail awaiting transport to a Bureau of Prisons facility. The petition is dated September 12, 2016 and was docketed and filed on October 3, 2016.

It appears that the Petitioner was transferred from the facility in Kankakee to Oklahoma and then to Leavenworth, Kansas, before being transferred to FCI Forrest Arkansas, where he is now housed. The Government alleges the petition should be dismissed because the Petitioner is not in custody in this district and the Court does not have personal jurisdiction over the warden of a Bureau of Prisons facility in another state. In his petition, the Petitioner lists his address as the Kankakee County Jail and claims that he initially mailed the petition by giving it to staff at Kankakee on September 12, 2016, and "was required to resubmit this in the Leavenworth prison mail when it was returned by the BOP or county jail to Petitioner." The Government alleges that the Petitioner is not entitled to the benefits of the mailbox rule.

The Court has inquired of the Clerk's Office as to when the Petitioner's filing fee and petition was received. The Clerk informed the Court that the $5.00 filing fee was paid by the Petitioner's mother on September 12, 2016. The filing fee was accompanied by a document which stated that Petitioner's § 2241 petition

would be filed by September 19, 2016. As noted above, that petition was filed on October 3, 2016. Although the Petitioner may have sought to file the petition when he was housed within the Central District of Illinois, he did not do so.

As the Government alleges, to the extent that Petitioner claims he should receive the benefits of the mailbox rule, the mailbox rule is usually applied to determine the timeliness of an application and not whether venue is appropriate. Additionally, even if he could establish that he is entitled to the benefits of the mailbox rule, the Petitioner has not submitted sufficient evidence in support of his claim that the petition was mailed from Kankakee. *See Ray v. Clements*, 700 F.3d 993, 1011 ( 7th Cir. 2012) ("The prisoner's sworn declaration should identify the who, what, when, where, how, and why of his alleged delivery to a prison official."). A petitioner must also submit some corroborating evidence, such as copies of the filing, a postmarked envelope or other correspondences. *See id*. at 1011-12. Accordingly, even if the mailbox rule could be used to establish that Petitioner was in custody in this judicial district at the time of his filing, the Petitioner has not submitted sufficient evidence in support of the assertion. Accordingly, the Court is unable to conclude that venue is appropriate under § 2241(d) and the petition will be dismissed without prejudice.

Ergo, the Government's Motion to Dismiss for Lack of Venue and Personal Jurisdiction [d/e 10] is ALLOWED.

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [d/e 1] is DISMISSED without prejudice.

The Clerk will terminate any other pending motions and close this case.

ENTER: May 11, 2017

        FOR THE COURT:

                      /s/ *Richard Mills*
                      Richard Mills
                      United States District Judge